## RANSDELL *v.* PATTERSON.

POLICE COURT, DIST. OF COLUMBIA ; PENAL STATUTES ; ACTIONS FOR PENALTY.

1. The Police Court of this District has power to hear and determine cases arising under the act of Congress of January 26, 1887, ch. 46, regulating insurance in the District of Columbia, and subjecting offenders against that statute to a penalty of $100 for each offense.
2. Where a statute creating an offense of a criminal nature against the public, provides that every offender against the statute shall be subject to a penalty in a certain amount, to be recovered by *due process*, a civil action against an offender to recover the penalty prescribed, is not the exclusive remedy, but an indictment will lie against him as an appropriate method of recovering the penalty.

No. 248. Submitted November 6, 1893.—Decided November 23, 1893.

HEARING on an appeal by the United States Marshal from an order of the Supreme Court of the District of Columbia, discharging a prisoner from the custody of the Marshal

upon the return of a writ of *habeas corpus. Reversed and the prisoner recommitted to custody.*

THE FACTS are stated in the opinion.

*Mr. C. H. Arms,* Assistant United States Attorney, for the appellant:

1. The act of Congress of January 26, 1887, 27 Stats., 366, is a penal statute denouncing the business of insurance carried on in violation of its provisions as an *offense,* and providing a *penalty* for each offense, the law to be enforced and the penalty to be recovered agreeably to the usual mode of process against offenders in the court having jurisdiction for that purpose. See *State* v. *Pelican Ins. Co.,* 127 U. S., 299. The offense and the penalty are clearly defined, but there is no special mode of prosecution directed by the statute. The language of the act, " to be recovered by due process in the courts of the District," is applicable alike to civil and criminal cases; and it applies alike to cases involving life, liberty, and property. The object of the law being to punish the offender, as above stated by the Supreme Court, and the statute having failed to prescribe a special mode of doing so, the prosecution is left to, and should be by, the usual mode applicable to offenses generally, which is by proceedings of a criminal nature. See R. S. U. S., Sec. 1014.

2. The policy of recovering penalties by prosecutions in criminal courts had its origin at common law. 1 Chitty Crim. Law, p. 163 ; *Colburn* v. *Swett,* 1 Met., 235, citing 2 Inst., 163 ; 2 Hawk, ch. 25, sec. 4 ; *King* v. *Sainsbury,* 4 T. R., 457. See also, *U. S.* v. *Abbott,* 9 Int. Rev. Rec., 186.

3. The Police Court had jurisdiction, and not only power to impose the fine upon the appellee, but to imprison him in default of payment of the fine. R. S. D. C., Sec. 763; 26 Stats., 848; 27 Stats., 262; R. S. U. S., Sec. 1041; *Ex parte Jackson,* 96 U. S., 727.

*Mr. John J. Weed* and *Mr. Andrew J. Lipscomb* for the appellee :

1. The fifth section of the act of January 26, 1887, under which the appellee was convicted and sentenced, did not authorize the imposition of a "fine" for its violation, nor the imposition of the penalty therein prescribed as punishment for an offense which was criminal in its character. The statute created a debt for a specific sum of money against any of the persons named therein, who should violate its provisions; and, at the common law, the action of debt is the appropriate legal remedy for the recovery of a statutory penalty when no other proceeding is expressly authorized. The reason upon which this proposition is based is that of an implied promise which the law annexes to the liability. *United States* v. *Lyman,* 1 Mason, 481 ; *United States* v. *Willetts,* 5 Ben., 220 ; *In re Rosey,* 6 Ben., 508 ; *Matthews* v. *Offley,* 3 Sumner, 115 ; *Atchison* v. *Everitt,* 1 Cowp., 332 ; *Ex parte Marquand,* 2 Gall., 554 ; *Jacob* v. *United States,* 1 Brockenborough, 520 ; *Stockwell* v. *United States,* 13 Wall., 531 ; *United States* v. *Tilton,* 7 Ben., 306 ; *United States* v. *Church,* 1 Wood, 275.

2. The Police Court of the District of Columbia was not a "court of the District" having jurisdiction to take any action for the recovery from the appellee of the penalty of one hundred dollars which became payable to the United States, by reason of the violation by him of the said fifth section of the Act of January 26, 1887.

This proposition is a logical statement of the conclusion which results from the establishment of the preceding proposition. The jurisdiction of the Police Court is special and limited. It is exclusively criminal in its character. Its prosecutions are commenced by criminal information. It has no grand jury, and therefore cannot proceed by indictment. It has no *civil* jurisdiction, and therefore can take no cognizance of *an action of debt for the recovery of a penalty imposed by statute.* It was not one of "the courts of the District" which was in the legislative mind when the statute declared that the penalty of one hundred dollars, imposed for its violation, should *"be recovered by due process in the courts of the District."*

3. The fifth section of the act of January 26, 1887, created a new offense, but it did not authorize a criminal prosecution for the recovery of the penalty imposed for its violation, either in the police court, or elsewhere, and unless such prosecution was expressly authorized by the statute creating the offense and prescribing the penalty, it cannot be maintained.

That statute made an act unlawful which had been previously lawful. It did not declare the offense to be either a crime or a misdemeanor. It imposed a penalty, but it did not provide for the prosecution of those who should violate its provisions, either by indictment or criminal information. It provided that the penalty imposed for its violation should be " recovered " only by " due process," and such process for the recovery of a new penalty imposed for a new offense, does not suggest nor authorize a criminal proceeding, either by indictment or criminal information. 1 Russell on Crimes, pp. 50-1 ; *State* v. *Maze*, 6 Hum. (Tenn.), 17.

The CHIEF JUSTICE delivered the opinion of the Court:

This was an application to the court below for the writ of *habeas corpus*, and upon return of the writ, the prisoner, the appellee here, was discharged from the custody of the marshal. The Marshal of the District, acting for the United States, has brought the case here for review.

The prisoner, as president of an insurance company, organized in the District of Columbia, was charged, upon criminal information in the Police Court of this District, with the violation of the provisions of the fifth section of the act of Congress of January 26, 1887, Ch. 46, entitled, "An act to regulate insurance in the District of Columbia." The party was duly tried and convicted, and fined to the amount of the penalty prescribed by the statute, and in default of payment he was committed to jail for thirty days.

The prisoner applied for the writ of *habeas corpus*, upon the contention that the Police Court was entirely without jurisdiction to hear and determine the cause, and therefore

the judgment rendered against him was simply null and void; that the only remedy against him was by civil action to recover the penalty prescribed.

The act of Congress just referred to, passed to regulate insurance in the District, by its first section provides that no insurance company of this District shall transact the business of insurance in any of its branches, unless the whole capital of such company be not less than $100,000, actually and in good faith paid up in full, in cash, excepting life insurance companies which issue to their members policies or certificates agreeing to pay benefits or sums of money which are to be realized by assessments levied upon the members, in which case no other capital than such assessments shall be required. The Commissioners of the District are required to ascertain and determine such facts, upon evidence satisfactory to them, to be filed in their office, and thereupon they shall issue to such companies authority to transact business.

By Section second of the act, annual statements are required to be made to the Commissioners of the District, showing the condition of the business and the standing of such companies; and no company having neglected to file such statement shall do any business, after notification by the Commissioners, while such neglect continues; and any company or association neglecting to make and transmit the statement required shall forfeit $100 for each day's neglect. And by the fifth section of the act it is provided:

" That any insurance company, or any officer or agent of any insurance company, effecting any contract of insurance in behalf of such company, when the written authority required by this act shall not have been given by said Commissioners, or after such authority has been revoked, shall be subject to a *penalty* of one hundred dollars for every *offense,* to be recovered *by due process* in the courts of the District."

It is very manifest, from the several provisions of the act of Congress, that the act was passed as a measure of police

and protection to the public, to prevent imposition, and to keep such companies under the supervision of public authority. The statute is, in the strict sense of the words, a penal statute, and must be so treated in all proceedings thereon. And such being the nature of the statute, the question arises, whether proceedings can be taken in the Police Court of this District to enforce and recover the penalties prescribed by the act? It is clear beyond doubt that the violation of the statute is a public offense, and that the penalties incurred accrue to and belong to the government.

The jurisdiction of the Police Court of this District is well and explicitly defined by the terms of the statute conferring the jurisdiction.

By Section 1 of the act of Congress of March 3, 1891, Ch. 536, entitled "An act to define the jurisdiction of the Police Court of the District of Columbia," it is provided " that the Police Court of the District of Columbia shall have original jurisdiction concurrently with the Supreme Court of the District of Columbia of all *crimes and offenses* hereafter committed against the United States, not capital or otherwise infamous, and not punishable by imprisonment in a penitentiary, committed within the District of Columbia, except libel, conspiracy, and violations of the postoffice and pension laws of the United States; and also of all offenses hereafter committed against the laws, ordinances and regulations of the District of Columbia," &c.

Section 2, as amended and re-enacted by the act of Congress of 1892, Ch. 236, provides " that prosecutions in the Police Court shall be on information by the proper prosecuting officer." And in all prosecutions within the jurisdiction of said court in which, according to the Constitution of the United States, the accused would be entitled to a jury trial, the trial shall be by jury, unless, &c. And also in all prosecutions in which such persons would not be, by force of the Constitution of the United States, entitled to a trial by jury, but in which the *fine or penalty* may be fifty dollars or more, or imprisonment for thirty days or more, the trial shall be

before the court, unless the accused shall demand trial by jury, &c.; and the judgment and sentence, in cases tried by the court, shall have the same force and effect in all respects as if the same had been entered and pronounced on the verdict of a jury.

The question of the jurisdiction of the Police Court to hear and determine this case, in view of the provisions of the statutes referred to, may be best resolved by an examination of the authorities upon the subject, treating of the mode of procedure in such case as the present.

In 2 Hawk. P. Cr., Bk. 2, Ch. 25, Sec. 4, it is laid down as established law, that whenever the statute prohibits a matter of a public grievance to the liberties and security of the subject, or commands a matter of public convenience, as the repairing of the common streets of a town, an offender against such statute is punishable, not only at the suit of the party aggrieved, but also by way of *indictment for his contempt of the statute*, unless such method of proceeding do manifestly appear to be *excluded by it.*" And, further on in the same section, it is laid down as a settled principle in the law, that " where a statute makes a new offense, which was no way prohibited by the common law, and appoints a particular manner of proceeding against the offender, as by commitment, or action of debt, or information, &c., without mentioning an indictment, it seems to be settled at this day, that it will not maintain an indictment, because the mentioning the other methods of proceeding only seems impliedly to exclude that of indictment. Yet it hath been adjudged, that if such a statute give a recovery by action of debt, bill, plaint, or information, *or otherwise,* it authorizes a proceeding by way of indictment."

In the case of *Rex* v. *Wright*, 1 Burr., 543, where the defendant, being a *spiritual* person, was indicted for *taking* to farm several lands, &c., against the statute of 21 Hen. VIII., Ch. 13, Sec. 1, prescribing penalties for the offense, and the motion to quash was because it provided a *particular* remedy, other than by indictment, after argument, Lord

Mansfield said: "I always took it, that where newly created offenses are only prohibited by the general prohibitory clause of an act of Parliament, *an indictment will lie ;* but where there is a prohibitory *particular clause*, specifying only a *particular remedy*, there such particular remedy must be pursued, for, otherwise, the defendant would be liable to a double prosecution, one upon the general prohibition, and the other upon the particular specific remedy." And of this opinion were the other judges.

So Chitty, in his work on Criminal Law, Vol. 1, p. 162, lays it down as settled text law, that "where a statute prohibits an act to be done, under a certain penalty, though no mention is made of indictment, the party offending may be indicted and *fined to the amount of the penalty ;* but where it is merely provided, that if any person do a certain act, he shall forfeit a sum to be recovered by action of debt, &c., no indictment can be supported," citing 2 Hale, 171; Bacon Abr., Indictment E.

This principle of the English common law has been sanctioned and followed in this country by courts of high authority. This is fully shown in the case of *Colburn* v. *Swett*, 1 Metc., 235, and also in the case of *United States* v. *Abbott*, reported in 9 Int. Rev. Record, p. 186, cases for the enforcement of penalties. In both of those cases it was asserted as a general rule of the common law, that when a statute prohibits a matter of public grievance, or commands a matter of public convenience, and no special mode of prosecution is directed, it may be prosecuted by indictment; and for which proposition are cited 2 Inst., 163, and 2 Hawk. P. Cr., Ch. 25, Sec. 4.

The same principle is fully and clearly stated and applied in the case of *Keller* v. *The State*, 11 Md., 525, where it was held upon indictment for a penalty, prescribed for the violation of the license laws of the State, that if a statute enjoin an act to be done, without specifying the *particular mode* of proceeding for punishment, an indictment will lie for disobeying the injunction of the legislature. Indeed, many other

authorities might be cited if it were deemed necessary. But the authorities cited would seem ample.

Here, as will be observed, the statute prescribes no exclusive, indeed no particular form of remedy. It simply provides that the offender shall be *subject to a penalty* of $100 for every *offense* to be recovered by *due process* in the courts of the District. Due process is by indictment in such case, and being by indictment at the common law, the offense may be prosecuted in the Police Court by information under the statute. It may be conceded that an action of debt, at the suit of the government, would lie for the penalty, but it does not follow that an indictment may not be maintained, as an appropriate method of proceeding for the penalty. It is clear the statute for the violation of which the prosecution took place created an offense of a criminal nature against the public; *Rossell, qui tam,* v. *Kitchen,* 1 Burr., 497; *Kimber, qui tam,* v. *Blanchard,* 5 Burr., 2602; *King, qui tam,* v. *Smith,* 4 Durnf. and East, 414, 418, 419; and that being so, the real nature of the case is not affected by the form provided by the law for punishment of the offense. It is immaterial whether the prosecution be by indictment or by action. In either case, the object of the proceeding is to compel the offender to pay a pecuniary fine or penalty by way of punishment for his offense. *Wis.* v. *Pelican Ins. Co.,* 127 U. S., 265, 299.

In the case of *Stoutenburgh* v. *Hennick,* 129 U. S., 141, the conviction was in the Police Court of this District for the recovery of a penalty prescribed by an act of the late legislative Assembly of this District for trading without license; the penalty being not less than $5 nor more than $50, in addition to the license tax, and a like fine or penalty for every subsequent offense; and there was no mode of proceeding specially designated for the enforcement of the penalty. There was great interest manifested in that case, and there was quite a number of able counsel concerned against the validity of the act of the Legislative Assembly and the conviction thereunder; but it does not appear that it ever oc-

curred to any of the counsel concerned, or to the court, to suggest that there was a want of jurisdiction in the Police Court to convict and commit the party, the defendant in error, to prison in default of payment of the fine imposed. That there was no such suggestion made we may suppose to be attributable to the fact that such an objection was not deemed tenable.

This court is clearly of opinion that the Police Court of this District had jurisdiction of the offense charged against the appellee, and that the conviction was authorized by the statute, and that, upon such conviction, the committal to prison in default of payment of the fine imposed was fully warranted by law. And as the appellee, then a prisoner in the custody of the marshal, was discharged from such imprisonment by the order of the court below, that order must be reversed, and the case remanded, that the appellee be brought in and recommitted in execution and according to the judgment and sentence of the Police Court.

*Order reversed and cause remanded.*