[L. A. No. 18517.   In Bank.   Feb. 8, 1943.]

DANT & RUSSELL, INC. (a Corporation), Appellant, v. BOARD OF SUPERVISORS OF THE COUNTY OF LOS ANGELES et al., Respondents.

Henry C. Rohr and Stanton & Stanton for Appellant.

J. H. O'Connor, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondents.

Earl Warren, Attorney General, Robert W. Kenny, Attorney General, H. H. Linney, Assistant Attorney General, and

Adrian A. Kragen, Deputy Attorney General, as Amici Curiae on behalf of Respondents.

TRAYNOR, J.—At various times during the years 1937 to 1940, inclusive, mahogany lumber was shipped from the Philippine Islands to Long Beach, California, where it was stored in piles in the yard of a warehouse. It was not packed in bundles but shipped in individual pieces. None of it was sold in this state, and no orders were received or solicited here for sales outside the state. Pieces were sold from time to time on orders received at petitioner's office in Portland, Oregon, and were delivered by the warehousemen to carriers for shipment to their destination outside of California. The county of Los Angeles levied ad valorem property taxes on the lumber remaining in the yard at Long Beach on the first Monday in March, 1938, and on the first Monday in March, 1939. Petitioner appeals from a judgment entered upon an order sustaining without leave to amend respondents' demurrer to the petition for a writ of mandate to compel cancellation of the assessments.

Petitioner contends that the taxes are invalid on the ground that they were imposed on imports in violation of the provisions of article I, section 10, of the Constitution of the United States that "No state shall, without the Consent of the Congress, lay any Imposts or Duties on Exports or Imports . . . " The word "imports," however, as used in this section refers exclusively to goods shipped from a foreign country (*Sonneborn Bros.* v. *Cureton,* 262 U.S. 506 [43 S.Ct. 643, 67 L.Ed. 1095]; *Dooley* v. *United States,* 183 U.S. 151 [22 S.Ct. 62, 46 L.Ed. 128]; *E. J. McLean & Co.* v. *Denver & Rio Grande R. R. Co.,* 203 U.S. 38 [27 S.Ct. 1, 51 L.Ed. 78]; *Patapsco Guano Co.* v. *Board of Agriculture,* 171 U.S. 345, 350 [18 S.Ct. 862, 43 L.Ed. 191]; *Woodruff* v. *Parham,* 8 Wall 123 [19 L.Ed. 382]), and it has long been settled that the Philippine Islands are not a foreign country but an unincorporated territory of the United States. (*De Lima* v. *Bidwell,* 182 U.S. 1 [21 S.Ct. 743, 45 L.Ed. 1041]; *Downes* v. *Bidwell,* 182 U.S. 244 [21 S.Ct. 770, 45 L.Ed. 1088]; *Fourteen Diamond Rings* v. *United States,* 183 U.S. 176 [22 S.Ct. 59, 46 L.Ed. 138]; *Gonzales* v. *Williams,* 192 U.S. 1 [24 S.Ct. 171, 48 L.Ed. 317]; *Cincinnati Soap Co.* v. *United States,* 301 U.S. 308 [57 S.Ct. 764, 81 L.Ed. 1122]; *The Alta,* 136 F. 513 [69

C.C.A. 289]; *Faber* v. *United States,* 157 F. 140.) It follows that the lumber in question does not constitute imports, and it is immaterial whether it can be regarded as having been in original packages unsold at the time the taxes were levied. ▮ The commerce clause of the United States Constitution (see *Hanley* v. *Kansas City So. Ry. Co.,* 187 U.S. 617 [23 S.Ct. 214, 47 L.Ed. 333]; *Stoutenburgh* v. *Hennick,* 129 U.S. 141 [9 S.Ct. 256, 32 L.Ed. 637]; *E. J. McLean & Co.* v. *Denver & Rio Grande R. R. Co.,* 203 U.S. 38 [27 S.Ct. 1, 51 L.Ed. 78]; *Inter-Island Steam Nav. Co.* v. *Hawaii,* 96 F.2d 412, aff'd 305 U.S. 306 [59 S.Ct. 202, 83 L.Ed. 189]; *Pacific Coast Dairy, Inc.* v. *Dept. of Agriculture,* 19 Cal.2d 818, 827 [123 P.2d 442]) protects the lumber from state and local taxation while in transit (*Coe* v. *Errol,* 116 U.S. 517 [6 S.Ct. 475, 29 L.Ed. 715]; *Carson Petroleum Co.* v. *Vial,* 279 U.S. 95 [49 S.Ct. 292, 73 L.Ed. 626]; *Kelley* v. *Rhoads,* 188 U.S. 1 [23 S.Ct. 259, 47 L.Ed. 359]; *Hughes Bros. Timber Co.* v. *Minnesota,* 272 U.S. 469 [47 S.Ct. 170, 71 L.Ed. 359]) and from discriminatory state legislation because of its out-of-state origin after the transit ends. (*Welton* v. *Missouri,* 91 U.S. 275 [23 L.Ed. 347]; *Walling* v. *Michigan,* 116 U.S. 446 [6 S.Ct. 454, 29 L.Ed. 691]; *I. M. Darnell Co. & Son* v. *Memphis,* 208 U.S. 113 [28 S.Ct. 247, 52 L.Ed. 413].) ▮ There is no contention here, however, that the taxes in question were discriminatory, and since the lumber had come to rest in this state and was held here at petitioner's pleasure or for shipment elsewhere as petitioner's interest dictated, it was a part of the general mass of property in the state and therefore subject to taxation. (*Minnesota* v. *Blasius,* 290 U.S. 1 [54 S.Ct. 34, 78 L.Ed. 131]; *Sonneborn Bros.* v. *Cureton,* 262 U.S. 506 [43 S.Ct. 643, 67 L.Ed. 1095]; *Whitfield* v. *Ohio,* 297 U.S. 431 [56 S.Ct. 532, 80 L.Ed. 778]; *American Steel & Wire Co.* v. *Speed,* 192 U.S. 500 [24 S.Ct. 365, 48 L.Ed. 538].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Peters, J. pro tem., concurred.

Appellant's petition for a rehearing was denied March 8, 1943.