784

**Mary Frances LONG, Plaintiff,**

v.

**BURDETTE MANUFACTURING CO.,**
**Defendant.**

**Civ. A. No. 2693.**

United States District Court
W. D. North Carolina,
Asheville Division.

Sept. 12, 1968.

Lamar Gudger, James P. Erwin, Jr., Asheville, N. C., for plaintiff Long.

Landon Roberts, Asheville, N. C., for defendant Burdette Mfg. Co.

## MEMORANDUM OF DECISION.

WOODROW WILSON JONES, Chief Judge.

This is a civil action to recover damages for personal injuries alleged to have been sustained by the plaintiff as a result of the negligence and carelessness of the defendant in the manufacture of a metal mobile table. Plaintiff alleges that the defendant negligently and carelessly manufactured and distributed said table with a thin, sharp, unprotected and exposed edge existing on the lower shelf of said table, and that on September 7, 1964, while using said table according to its intended purpose, she received a severe cut on her left leg resulting in permanent injuries. Plaintiff is a resident citizen of Buncombe County, and the defendant is a corporation duly organized, created and existing under and by virtue of the laws of the State of South Carolina.

Jurisdiction is based on diversity of citizenship, and service of summons was made on the defendant by serving the Secretary of State of North Carolina pursuant to North Carolina statutes for substituted service.

The defendant has made a Special Appearance, and moved to dismiss the action on the ground that the defendant is a corporation organized and existing under the laws of the State of South Carolina, and was not and is not subject to service of process within the Western District of North Carolina or within the State of North Carolina, and that therefore this Court has no jurisdiction of the defendant.

In the State of North Carolina there are two relevant statutes dealing with the service of process upon foreign corporations. Section 55–144 of the General Statutes of North Carolina reads as follows:

"Whenever a foreign corporation shall transact business in this State without first procuring a certificate of authority so to do from the Secretary of State or after its certificate of authority shall have been withdrawn, suspended, or revoked, then the Secretary of State shall be an agent of such corporation upon whom process, notice, or demand in any suit upon a cause of action arising out of such business may be served."

Section 55–145 of the General Statutes of North Carolina reads in part as follows:

"(a) Every foreign corporation shall be subject to suit in this State, by a resident of this State or by a person having a usual place of business in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: * * *

(3) Out of the production, manufacture, or distribution of goods by such corporation with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed, or sold or whether or not through the medium of independent contractors or dealers; or * * *

"(c) * * * In any case where a foreign corporation is subject to suit under this section and has failed to appoint and maintain a registered agent upon whom process might be served, or whenever such registered agent cannot with reasonable diligence be found at the address given, then the Secretary of State shall be an agent of such corporation upon whom any process in any such cause of action may be served."

The Court must determine two questions: (1) whether the service of summons in this instance is valid under the North Carolina statutes referred to above; and (2) if so, whether under the facts of this case, it would be offensive to the Due Process Clause of the United States Constitution to sustain jurisdiction. The answer to these questions will

786

be determined to a large extent by the factual evaluation of the nature and extent of the defendant's business activities in North Carolina. After consideration of the pleadings, affidavits, and argument of counsel, the Court makes the following findings:

That the plaintiff is a resident citizen of the State of North Carolina, and on September 7, 1964 was employed as a librarian in the Buncombe County, North Carolina, public school system, and that the defendant is a South Carolina corporation with its principal place of business located at Roebuck, South Carolina, and that it had not obtained a certificate of authority from the Secretary of State of North Carolina to transact business in said State.

That on September 7, 1964 and for several years prior thereto, the defendant produced, manufactured and distributed fabricated metal furnishings for schools and churches, including mobile metal tables, one of which was being used by the plaintiff at the time of her alleged injury. That during the years 1961, 1962 and 1963, the defendant, Burdette Manufacturing Co., manufactured and sold these mobile metal tables to Southern School Service, Inc., a North Carolina corporation, with its principal place of business located in Canton, North Carolina, and said School Service was engaged in the business of selling and delivering to the public school system of North Carolina school furnishings, including mobile metal tables; that these business transactions began when Thomas C. Burdette, President of the defendant, Burdette Manufacturing Co., and one George Caldwell, called on Southern School Service, Inc., in its office in Canton, North Carolina, and, upon request, furnished prices for mobile metal tables. That the said Southern School Service, Inc. had in its possession the type, shape and size of a table it desired and that Mr. Burdette took these specifications to South Carolina and copied said table and manufactured and sold to the said Southern School Service, Inc., said tables in units of one

hundred (100). That the orders for said tables were made by mail to Burdette Manufacturing Co., at Roebuck, South Carolina, and accepted by said Company at its home office. That the metal tables and other products were shipped from Roebuck, South Carolina, to Southern School Service in Canton, North Carolina, and payment was made by mail to the defendant at Roebuck, South Carolina. That these business transactions continued from November 1961 through February 1963. That the President of the defendant corporation and one George Caldwell called upon Southern School Service, Inc. approximately five or six times during the years 1961, 1962 and 1963. That all of the defendant's plants, equipment and personnel are located in the State of South Carolina and that no agent resides in the State of North Carolina.

The plaintiff in her brief contends that this service of process is valid under either General Statutes 55–144 or General Statutes 55–145(a) (3). The Court is of the opinion and so holds that the business transactions conducted by the defendant in this case in the State of North Carolina are not sufficient to constitute "transacting business" in this State as contemplated by General Statutes 55–144. As the Court said in Bowman v. Curt G. Joa, Inc., 361 F.2d 706 (4th Circuit 1966):

"N.C.G.S. § 55–144 concerns 'foreign corporations transacting business in the State' and, therefore, necessarily seems to be more restrictive in its application than G.S. 55–145, the latter section dealing with 'foreign corporations not transacting business' in the State. Such an interpretation has been given in Worley's Beverages, Inc. v. Bubble Up Corp., 167 F.Supp. 498 (E.D.N.C.1958); a decision referred to by the Supreme Court of North Carolina in Abney Mills v. Tri-State Motor Transit Co., 265 N.C. 61, 143 S.E.2d 235 (1965). In stating that it is more restrictive, we, of course, mean that the foreign corporation must have more contacts with the fo-

rum State in order to come within the statutory limits."

However, when we come to the provisions of General Statutes 55–145(a) (3), we find a horse of a different color. The mobile metal tables were contracted for, manufactured and shipped with every reasonable expectation that they would be used in the State of North Carolina in the public school system. The defendant knew that Southern School Service, Inc. was engaged in the business of selling and distributing school furnishings and supplies to the public school system of North Carolina and had every reason to believe that these metal tables were to be sold by Southern School Service, Inc., to the schools of the State. This factual situation falls squarely under the provisions of General Statutes 55–145(a) (3) and the defendant is therefore subject to the North Carolina statute which would give this Court in personam jurisdiction over said defendant if the requirements of Federal Due Process are met. Golden Belt Mfg. Co. v. Janler Plastic Mold Corp., 281 F.Supp. 368 (M.D.N.C.1967), affirmed by the Fourth Circuit, 391 F. 2d 266 (1968).

In the case of International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the Court said that:

"Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."

The Court said further in the International Shoe Company case:

"It is evident that the criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit, and those which do not, cannot be simply mechanical or quantitative. * * * Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure."

In an exhaustive opinion by Judge Sobeloff of the Fourth Circuit in the case of Erlanger Mills v. Cohoes Fiber Mills, 4 Cir., 239 F.2d 502, the Court held that the act of the defendant in selling rayon yarn at its office in New York to the plaintiff in North Carolina to be used in the plaintiff's manufacturing plant in North Carolina was not sufficient contact to constitute "minimum contact" to confer jurisdiction. However, in the case at bar we have much more than a single transaction. The defendant corporation manufactured and shipped fabricated metal tables in lots of one hundred to Southern School Service, Inc. in Canton, North Carolina, during the years 1961, 1962 and 1963 with every reasonable expectation that said metal tables would be used in the public school system of North Carolina which was the exact use which was being made of the table upon which the plaintiff alleges she was injured. The President of the defendant company with one George Caldwell, who was also an agent of the Company, called on the Southern School Service, Inc., five or six times during the months in question. The evidence is silent as to the total number of metal tables shipped to Southern School Service, Inc., by the defendant, but the affidavit of Kin McNeil, Executive Vice-President of Southern School Service, Inc., said he provided "Mr. Burdette with such a table, being the size, shape, gauge and specifications as met the requirements of Southern School Service, which Mr. Burdette took to South Carolina and copied and sold to Southern School Service in units of one hundred (100)". This would certainly indicate that there was more than one transaction between these two companies.

The defendant received timely notice of this action through the Secretary of State of North Carolina, and, while it is

not in evidence, this Court will take judicial notice of a road map which discloses that Roebuck, South Carolina, the home office of the defendant corporation, is within the range of less than one hundred (100) miles from Asheville, North Carolina, the place where this action is now pending and where it will be tried if this motion is denied. Since the plaintiff resides in Asheville, North Carolina, and the injury occurred here, it is logical to assume that all of her witnesses will be nearby, and that all of the witnesses for the defendant would be within a radius of one hundred (100) miles of this Court.

After a careful examination of the quality and nature of the activities of the defendant corporation in the State of North Carolina, this Court is of the opinion and so holds that the traditional notions of fair play and substantial justice would not be offended by subjecting said defendant to the jurisdiction of this Court.

The Court is therefore of the opinion that the Motion to Dismiss for lack of jurisdiction should be denied, and an order to that effect will be entered.