**LEHIGH PORTLAND CEMENT COMPANY, Plaintiff,**

v.

**Ervin W. ORNSTEIN et al., Defendants.**

**Civ. A. No. 3112-70.**

United States District Court,
District of Columbia.

Dec. 7, 1971.

Warwick R. Furr, Kirkland, Ellis & Rowe, John M. Greacen, Washington, D. C., for plaintiff.

Nelson Deckelbaum, Washington, D. C., Richard F. Bondareff, for defendants.

MEMORANDUM OPINION

RICHEY, District Judge.

This case came before this Court on a Motion for Summary Judgment made by the plaintiff, Lehigh Portland Cement Company of Allentown, Pennsylvania. Plaintiff seeks to recover $25,000.00, plus interest and costs of collection, due and owing to it on a promissory note dated August 15, 1968, made by Daytona Motel Corporation and endorsed by Ervin W. Ornstein and William G. Libby, who are the individual defendants in this case.

Both parties stipulated at the hearing on the Motion that there was no other issue for this Court's consideration, except whether or not the plaintiff must procure a certificate of authority, as provided by D.C.Code § 29–933 (1967), in order to continue to "maintain" this action without violating Title 29, section

934f(a) of the D.C.Code which provides as follows:

"(a) No foreign corporation which is subject to the provisions of this chapter and which transacts business in the District without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of the District until such corporation shall have obtained a certificate of authority. * * * "

The defendants contend that plaintiff is transacting business in the District of Columbia within the context of D.C. Code § 29–934f(a), and, therefore, it must obtain a certificate of authority before plaintiff may continue the action at bar. The plaintiff argues that it is involved in interstate commerce, and that Title 29, section 933(b) of the D.C.Code (1967) is dispositive of the matter, namely, that it does not have to obtain a certificate of authority to maintain this action. This section provides:

"(b) A foreign corporation shall not be required to procure a certificate of authority merely for the prosecution of litigation, the collection of its debts, or the taking of security for the same, or by reason of the appointment of an agent for the solicitation of business not to be transacted in the District, nor for the sale of personal property to the United States within the District of Columbia unless a contract for such sale is accepted by the seller within the District or such property is delivered from stock of the seller within the District for use within the District."

The Court believes that the resolution of the issue before it depends on the answer to the question of whether the plaintiff is engaged in interstate commerce. If so, the Court concludes that no certificate of authority under 29 D.C.Code §§ 933 and 934f(a) would be necessary in order for the plaintiff to continue to maintain the instant action, since this would be a burden on interstate commerce in violation of the United States Constitution.

Having considered the entire record before it and the arguments of both counsel at the hearing, the Court concludes that the plaintiff was engaged in interstate commerce at all times pertinent herein. For example, the plaintiff corporation employs several persons at its headquarters in Alexandria, Virginia, and the office there serves an area encompassing Virginia, Maryland and the District of Columbia. While the plaintiff maintains no sales or administrative offices, has no property, and has no employees or agents in the District of Columbia, it does sell some of its products through its sales representatives from the Virginia office to customers in the District, and it uses its own fleet of trucks to make delivery of some of its products to local retailers in the District of Columbia.

The Court was unable to locate any District of Columbia cases with precisely the same facts as are present in the case at bar. However, in addition to the above mentioned facts, the cases from other jurisdictions provide an abundance of authority for the conclusion that the plaintiff here was engaged in interstate commerce. It should be noted that a definition of transacting business in a statute relating to service of process on a foreign corporation, does not necessarily control as to what constitutes transacting business under a statute regulating the maintenance of a lawsuit by a foreign corporation. *See, e. g.,* Remington Rand, Inc. v. Knapp-Monarch Co., 139 F.Supp. 613, 617 (E.D. Pa. 1956). While it is recognized that a foreign corporation may be transacting business in a jurisdiction within the meaning of a registration statute, such as D.C.Code § 29–933, nevertheless it is beyond the power, of a state or the District of Columbia to impose burdensome conditions on interstate or foreign commerce. *See* Memphis Steam Laundry Cleaner, Inc. v. Stone, 342 U.S. 389, 72 S.Ct. 424, 96 L.Ed. 436 (1952); Southern Pac. Co. v. Arizona, 325 U.S. 761, 65 S.Ct. 1515, 89 L.Ed. 1915 (1945); Missouri ex rel Barrett v. Kansas Natural Gas Co., 265 U.S. 298,

44 S.Ct. 544, 68 L.Ed. 1027 (1924); Stoutenburgh v. Hennick, 129 U.S. 141, 9 S.Ct. 256, 32 L.Ed. 637 (1889). Many federal courts have found that such statutes have no application to the acts of a foreign corporation in making sales or contracts for the sale of products in interstate commerce, or the consummation of such transactions by the delivery or shipping of the goods from outside the states. *See* Long v. Burdette Mfg. Co., 294 F.Supp. 784 (W.D.N.C.1968); Selama-Dindings Plantations, Ltd. v. Durham, *supra,* Acuff v. Service Welding and Mach. Co., 141 F.Supp. 294 (E.D.Tenn. 1956). Likewise, the statutes have been held to have no application to the acts of agents, such as sales personnel, of a foreign corporation in soliciting, receiving, and transmitting orders for such goods, and the delivery of the goods in response to the orders. *See,* Robbins v. Benjamin Air Rifle Co., 209 F.2d 173 (5th Cir. 1954); Humboldt Foods, Inc. v. Massey, 297 F.Supp. 237 (N.D.Miss.1968).

Many jurisdictions have expressly provided in their registration statutes, which are similar to those now before this Court, that they shall not apply to transactions involving interstate commerce. *See, e. g.,* Ohio Revised Code, § 1703.02; Selama-Dindings Plantations, Ltd. v. Durham, 216 F.Supp. 104 (S.D. Ohio 1953), affirmed, 337 F.2d 949 (6th Cir. 1964) (interpreted the Ohio statute).

The cases relied upon by the defendants in their briefs are not persuasive, since they involve the concept of transacting business for the purposes of service of process. There is no service of process problem in this instance.

By virtue of the foregoing, it is clear that where a plaintiff's operations are found to be engaged in interstate commerce as is the case here, no certificate of authority need be obtained by the plaintiff in order to maintain this lawsuit. To require such a certificate would be an unnecessary burden on interstate commerce in violation of Art. 1, § 8 of the United States Constitution. Accordingly, the Motion for Summary Judgment be and the same is hereby granted.