**HARGROVE DISPLAYS, INC., Appellant,**

v.

**ROHE SCIENTIFIC CORPORATION et al., Appellees.**

No. 7424.

District of Columbia Court of Appeals.

Argued Nov. 14, 1973.

Decided March 4, 1974.

Nathan L. Silberberg, Washington, D.C., for appellant.

William A. Grant, Washington, D.C., for appellees.

Before KELLY, GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

This appeal was briefed and argued by counsel on a number of issues, chief among them being whether Rohe Scientific Corporation (Rohe), a foreign corporation, was required by D.C.Code 1973, § 29–934f(a), to obtain a certificate of authority to transact business within the District of Columbia in order to maintain this suit against Hargrove Displays, Inc. in Superior Court.[1] With respect to the applicability of § 29–934f the trial court found, and we agree, that Rohe was not transacting business in the District of Columbia within the meaning of the statute and it was therefore inapplicable.

Rohe was engaged in the distribution and sale of medical equipment in interstate commerce. Its activities within the Dis-

---

1. D.C.Code 1973, § 29–934f(a) reads:

No foreign corporation which is subject to the provisions of this chapter and which transacts business in the District without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of the District until such corporation shall have obtained a certificate of authority. Nor shall an action at law or in equity be maintained in any court of the District by any successor or assignee of such corporation on any right, claim, or demand arising out of the transaction of business by such corporation in the District until a certificate of authority shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets.

trict of Columbia consisted of soliciting orders on one occasion through an agent at a national trade show, advertising in national trade magazines, and direct mailings. Sales prospects gathered at the trade show were pursued by personnel in Rohe's California offices where negotiations were to be conducted and arrangements made to ship equipment purchased directly to interested buyers. One sale generated by the trade show was ultimately made to a hospital within the District. The only other contact Rohe had with its one buyer was to send an employee to show it how to use the equipment and to make arrangements for service of the machine. Rohe had neither offices nor warehouse facilities in the District of Columbia.

 D.C.Code 1973, § 29–933(b), exempts such activities as those performed by Rohe from the certification requirement.[2] The rule is that "[t]he soliciting of orders for goods within a state by the agent of a foreign corporation, and the shipment of the goods pursuant to such orders by the corporation from another state to the purchasers, do not constitute doing business within the state so as to subject the corporation or its agent to a local statute prescribing conditions of doing business within the state since such transactions are in interstate commerce and are not subject to regulation by the state." Annot., 60 A.L.R. 994, 996 (1929); *accord,* Lehigh Portland Cement Co. v. Ornstein, 334 F.Supp. 1032 (D.D.C.1971). Were the District to attempt to regulate interstate commerce in this manner, such restriction would constitute a burden on commerce in contravention of the commerce clause of the Constitution. *See, e. g.,* Lilly & Co. v. Sav-On-Drugs, 366 U.S. 276, 278–279, 81 S.Ct. 1316, 6 L.Ed.2d 288 (1961); Stoutenburgh v.

Hennick, 129 U.S. 141, 9 S.Ct. 256, 32 L. Ed. 637 (1889); Robbins v. Taxing District of Shelby County, 120 U.S. 489, 7 S. Ct. 592, 30 L.Ed. 694 (1887). The right of a foreign corporation to sue upon a contract for the interstate sale of goods cannot be conditioned upon compliance with local registration requirements. International Text-book Cò. v. Pigg, 217 U.S. 91, 30 S.Ct. 481, 54 L.Ed. 678 (1910).

The other issues raised by appellant concern the existence and character of an alleged bailment, the significance of a bill of lading, the adequacy of the proof of damages, and whether the real parties in interest were joined in the suit. Upon careful review of the record, the briefs and relevant case law regarding these issues, we find no error justifying reversal.

Affirmed.

---

**2.** § 29–933(b) provides:

A foreign corporation shall not be required to procure a certificate of authority merely for the prosecution of litigation, the collection of its debts, or the taking of security for the same, or by reason of the appointment of an agent for the solicitation of business not to be transacted in the District, nor for the sale of personal property to the United States within the District of Columbia unless a contract for such sale is accepted by the seller within the District or such property is delivered from stock of the seller within the District for use within the District.