## ASHER *v.* TEXAS.

ERROR TO THE COURT OF APPEALS OF THE STATE OF TEXAS.

No. 781.   Argued October 11, 12, 1888. — Decided October 29, 1888.

A State law exacting a license tax to enable a person within the State, to solicit orders and make sales there for a person residing within another State, is repugnant to that clause of the Constitution of the United States which gives Congress the power to regulate commerce among the several States, and is void.

*Robbins* v. *Shelby Taxing District*, 120 U. S. 489, was carefully considered and is affirmed.

*Leloup* v. *Port of Mobile*, 127 U. S. 640, to the same point received the unanimous concurrence of the court, and is affirmed.

A decision of this court, not in harmony with some of its previous decisions, has the effect to overrule those with which it is in conflict, whether mentioned and commented on or not.

On the application of the plaintiff in error a writ of *habeas corpus*, issued from a state court of Texas, to inquire into the validity of his imprisonment under the provisions of a statute of the State alleged to be in conflict with the Constitution of the United States. In the Court of Appeals of Texas final judgment was given against the petitioner. This writ of error was sued out to bring that judgment under review.

*Mr. Abel Crook* for plaintiff in error. *Mr. John J. Mc-Elhone* was with him on the brief.

*Mr. J. S. Hogg*, Attorney General of Texas, for defendant in error. *Mr. W. L. Davidson* was with him on the brief.

Mr. Justice Bradley delivered the opinion of the court.

This is a writ of error to the Court of Appeals of the State of Texas in a case of *habeas corpus*. By an act of the legislature of Texas, passed May 4th, 1882, it was provided that there shall be levied on and collected " from every commercial traveller, drummer, salesman, or solicitor of trade, by sample or otherwise, an annual occupation tax of thirty-five dollars,

payable in advance; . . . to be paid to the Comptroller of Public Accounts, whose receipts under seal shall be evidence of the payment of such tax;" and it was provided that every such commercial traveller, drummer, &c., "shall, on demand of the tax collector of any county of the State, or any peace officer of said county, exhibit to such officer the Comptroller's receipt;" and on refusal "shall be deemed guilty of misdemeanor and fined in a sum not less than twenty-five nor more than one hundred dollars." And by article 110, chapter 5, title 4, of the Penal Code of the State of Texas, it is provided that, "any person who shall pursue or follow any occupation, calling, or profession, or do any act taxed by law, without first obtaining a license therefor, shall be fined in any sum not less than the amount of the taxes so due, and not more than double that sum."

By a statement of facts agreed upon by the parties in the court below, it appears that William G. Asher, the plaintiff in error, "is a resident and citizen of the city of New Orleans, State of Louisiana, and on the 27th day of May, A.D. 1887, and for about the period of one month prior thereto, was engaged in the business of soliciting trade by the use of samples for the house for which he worked as drummer, in the city of Houston, Harris County, State of Texas, said house being Charles G. Schulze, of New Orleans, Louisiana, who was a manufacturer of rubber stamps and stencils, for the sale of which said Asher was then and there soliciting orders or trade. While engaged in the act of drumming for said Charles G. Schulze, and for the claimed offence of not having taken out the required license for so doing said business, the defendant, William G. Asher, was arrested by one George Ellis, sheriff of said county of Harris, State of Texas, and carried before the Hon. James A. Breeding, a justice of the peace of Precinct No. 1 of said county of Harris, State of Texas, and fined for the offence of pursuing the occupation of drummer without a license. It is admitted that Charles G. Schulze is engaged in manufacturing in New Orleans, State of Louisiana, and in selling rubber stamps and stencils, and that it was a line of such articles for the sale of which the said defendant, William

G. Asher, was drumming at the time of his arrest; that the relator, Asher, was soliciting said orders and was making said sales for his said non-resident employers in the county of Harris and in the State of Texas."

Being imprisoned for failure to pay the fine imposed upon him, Asher applied to the Court of Appeals for a writ of *habeas corpus* to be discharged, on the ground that the law under which he was restrained of his liberty is unconstitutional and void, and contravenes the Constitution of the United States, being repugnant to that clause thereof which gives to Congress the power to regulate commerce among the several States, and the laws of Congress passed thereunder. The writ of *habeas corpus* was issued, and, the matter being argued before the Court of Appeals, judgment was given against the petitioner, and he was remanded to the custody of the sheriff. To review that judgment this writ of error is brought.

We cannot perceive any distinction between this case and that of *Robbins* v. *The Shelby Taxing District*, decided in October Term, 1886, and reported in 120 U. S. 489. The Tennessee law in that case declared that " All drummers, and all persons not having a regular licensed house of business in the taxing district, offering for sale or selling goods or merchandise therein, by sample, shall be required to pay to the county trustee the sum of $10 per week, or $25 per month, for such privilege; " and it was made a misdemeanor, punishable by fine, to exercise such occupation without having first paid the tax, or obtained the license required therefor. The plaintiff in error in that case was a citizen of Ohio, and was convicted for selling goods by sample for an Ohio firm without having paid the tax or obtained the required license. The law was, in all substantial respects, the same, and the circumstances were substantially the same as in the case now presented. Indeed, this is conceded by the Court of Appeals of Texas in its opinion. But it is strenuously contended by that court that the decision of this court in *Robbins* v. *The Shelby Taxing District* is contrary to sound principles of constitutional construction, and in conflict with well adjudicated cases formerly decided by this court and not overruled. Even if it

were true that the decision referred to was not in harmony with some of the previous decisions, we had supposed that a later decision in conflict with prior ones had the effect to over-rule them, whether mentioned and commented on or not. And as to the constitutional principles involved, our views were quite fully and carefully, if not clearly and satisfactorily, expressed in the Robbins case. We do not propose to enter upon a renewed discussion of the subject at this time. If any further illustration is desired of the unconstitutionality of local burdens imposed upon interstate commerce by way of taxing an occupation directly concerned therein, reference may be made to the still more recent case of *Leloup* v. *Port of Mobile*, 127 U. S. 640, which related to a general license tax on telegraph companies, and was decided by the unanimous concurrence of the court.

*The judgment of the Court of Appeals of Texas is reversed, and the cause remanded, with instructions to discharge the plaintiff in error from the imprisonment complained of.*