STATE v. ED. BRACCO.

*Indictment—Drummers—Unconstitutional Law.*

Our statute (ch. 135, § 25, of the Acts of 1887), making it indictable for a "drummer to sell, or attempt to sell, goods," &c., is in contravention of the Constitution of the United States, and void. in so far as it applies to non-resident drummers and all persons non-resident selling in this State.

INDICTMENT, for selling as a drummer, tried before *Mac-Rae, J.,* at Spring Term, 1887, of the Superior Court of WATAUGA.

The defendant is charged, in the indictment, with having, as a "drummer," from another State, sold, and attempted to sell, to the merchants named therein, in the county specified, in this State, at the instance, and for the benefit of merchants named, in another State, goods, wares and merchandise, by wholesale and by sample, as specified, without having obtained a license so to do from the Treasurer of this State, in violation of the statute (Acts 1887, ch. 135, § 25). He pleaded not guilty, and, on the trial, the jury rendered a special verdict, in substance, and to the effect, that he had sold goods, wares and merchandise as so charged. The Court being of the opinion, upon the facts found, that the defendant was guilty, directed that verdict be entered upon the special verdict, which was done, and, thereupon, judgment was entered against the defendant, and he, having excepted, appealed to this Court.

*The Attorney General,* for the State.
*Mr. G. N. Folk,* for the defendant.

MERRIMON, J. The cases cited in the brief of the learned counsel for the defendant abundantly show that the statute

(Acts 1887, ch. 135, § 25), in so far as it applies to non-resident "drummers," and all persons non-resident, selling goods, wares and merchandise by wholesale or by sample, in this State, to persons resident in this State, is not in harmony, but inconsistent with and in contravention of provisions of the Constitution of the United States, and, therefore, inoperative and void. It is sufficient to cite some of the cases decided by the Supreme Court of the United States in point: *Robbins* v. *Shelby County Taxing District*, 120 U. S., 489; *Corson* v. *Maryland, ibid.*, 502; *Asher* v. *Texas*, 128 U. S., 129.

There is, therefore, error. The judgment and verdict of guilty must be set aside, and a verdict of not guilty entered upon the special verdict, and judgment given in favor of the defendant.

Error                    Judgment for defendant.