## LASLEY *v.* THE DISTRICT OF COLUMBIA.

LICENSE TAX; DEALERS IN SECOND-HAND PERSONAL PROPERTY;
INFORMATION.

1. Par. 32, Sec. 21 of the act of the Legislative Assembly of this District of August 23, 1871, as amended by the act of Congress of March 3, 1891 (26 Stat. 841), requiring dealers in second-hand personal property and others to pay a license tax before engaging in business in this District, is valid and operative as a municipal regulation.

2. To constitute the business of buying or selling second-hand personal property, such as bicycles, within the meaning of those acts, the taking or giving of anything else of value in exchange for the second-hand personal property will constitute buying and selling, equally as with money.

3. The fact that the principal business of a dealer in bicycles is in buying and selling new bicycles, does not relieve him of the obligation to take out a license as a dealer in second-hand personal property if he buys and sells second-hand bicycles.

4. That an information in the Police Court of this District charging the defendant with engaging in business as a dealer in second-hand personal property without first obtaining a license was made and filed by a *special* assistant attorney for the District, instead of the attorney for the District or his *regular* assistant, is not a valid ground of objection to the information.

No. 861. Submitted March 8, 1899.  Decided March 24, 1899.

IN ERROR to the Police Court of the District of Columbia. *Judgment affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Alex. H. Bell* and *Mr. F. H. Stephens* for the plaintiff in error.

*Mr. S. T. Thomas,* Attorney for the District of Columbia, and *Mr. A. B. Duvall,* Assistant Attorney, for the defendant in error.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This case was brought into this court by writ of error to

the Police Court of this District sued out upon the application of the defendant in that court, John D. Lasley. The defendant in the lower court, and plaintiff in error here, was charged, upon information filed by the special assistant attorney for the District, with the violation of paragraph or clause 32 of section 21 of the act of the Legislative Assembly of this District, of August 23, 1871, as amended by the act of Congress of March 3, 1891, Ch. 521 (26 Stat. L. 841), entitled "An Act relating to junk dealers, dealers in second-hand personal property, and pawnbrokers in the District of Columbia."

The act of the Legislative Assembly of August 23, 1871, referred to, is entitled "An Act imposing a license on trades, business, and professions practiced or carried on in the District of Columbia;" and that part of the Act of Congress of March 3, 1891, amending clause or paragraph 32 of section 21 of the act of the Legislative Assembly of August 23, 1871, is as follows:

"32. Junk dealers, dealers in second-hand personal property of any kind or description whatever, shall pay to the District of Columbia a license tax of forty dollars annually. Every person whose business it is to buy or sell old iron, rags, paper, second-hand clothing, or any second-hand personal property of any kind or description whatsoever, shall be subject to the provisions of this act, and to all the laws and regulations now in force in the District of Columbia, and to all the valid regulations which may hereafter be provided relating to junk dealers, or dealers in second-hand personal property."

And by section 4 of the act of the Legislative Assembly of 1871, as amended by the act of said Assembly of June 20, 1872, it is provided:

"That every person liable for license tax, who may fail to pay the same, before engaging in the business for which the license may be required, shall, in addition to the license tax imposed, pay a fine or penalty of not less than five nor more

than fifty dollars for each offense, to be imposed and collected as provided in this act." And by the fifth section of the act of Assembly it is further provided: "That in every case where more than one of the pursuits or occupations described in the act shall be pursued or carried on in the same place by the same person, at the same time, except as therein provided, a tax shall be paid for each according to each pursuit or occupation, according to the pursuit."

Under these provisions of the license laws of this District the plaintiff in error was charged, by way of information filed by the assistant district attorney, that he, the plaintiff in error, did engage in the business of a dealer in second-hand personal property, to wit, the business of buying and selling second-hand bicycles and other second-hand personal property, without first having obtained a license so to do, and paying the license tax therefor before engaging in said business, contrary, etc.

The plaintiff in error, the defendant in the court below, pleaded not guilty, and the case was tried before a jury, and a verdict of guilty was found, and the party was sentenced to pay the license tax of forty dollars, and a fine of five dollars, or in default thereof to be imprisoned sixty days in the workhouse. He applied for and obtained a writ of error, and has brought the case to this court.

According to the evidence, as stated in the bill of exceptions, it appears that the plaintiff in error is a dealer in bicycles, and that he deals in both new and second-hand bicycles, the new bicycles constituting the larger or principal part of his trade. Second-hand bicycles are taken by him in trade for new ones, and are placed in his rental department, or in his riding school, or are sold for what they will bring; and part of the second-hand bicycles used by the plaintiff in error are such as become second-hand in his service, by being rented out by him, and used in his riding school, or returned by lessees under conditional contracts of purchase. The plaintiff in error admitted to witnesses for

the prosecution that he kept second-hand bicycles for sale; that he took second-hand wheels in exchange for new ones; and that he had been doing that kind of business right along ever since he had been engaged in business here in Washington. It is admitted by him that he had taken out no license as a dealer in second-hand bicycles, or as a dealer in second-hand personal property, of any kind whatever; and it was because of his failure so to do that this prosecution was instituted.

Upon the whole case, the plaintiff in error offered a series of twenty-two propositions for instruction to the jury. The court granted four of them, and rejected the others. In addition to the instructions given at the instance of the plaintiff in error, the court charged the jury upon the whole evidence before them, and defined and explained to the jury what constituted buying and selling of bicycles or personal property, within the meaning of the license laws. The instructions, given at the request of the plaintiff in error, are as follows:

"4. If the jury find from the evidence that the defendant kept for sale or exposed for sale second-hand bicycles, then, in order to find the defendant guilty, it must be further found from the evidence that the defendant did actually buy and sell second-hand personal property, and the mere fact that he kept for sale or exposed for sale second-hand bicycles is not sufficient to convict him."

"6. If the jury believe from the evidence that the defendant kept for sale or exposed for sale second-hand bicycles, but that no purchases or sales have been proven, they should return a verdict of not guilty."

"7. Unless the jury believe from the evidence that the defendant both bought and sold second-hand bicycles, they should return a verdict of not guilty."

"11. Before a verdict of guilty can be found the evidence must establish that the defendant did, on more than one occasion, buy and sell second-hand bicycles."

These instructions were certainly founded upon a very liberal construction of the license laws, in favor of the party accused of their violation; and whether such instructions, in view of the particular and express language of the statute, making it the duty of the party, *before engaging in the business for which the license may be required*, to obtain the license, were not more favorable to the party accused than he was entitled to ask, is a question that we need not decide in this case. But the instructions granted, taken in connection with the instruction given by the judge in his charge, defining and explaining what would constitute buying and selling within the meaning of the statute, reduced the case almost entirely to one of fact for the jury. The jury have found the facts; and the only substantial question that remains, according to the contention of the plaintiff in error, is whether the provisions of the act of the Legislative Assembly of this District, of August 23, 1871, or the parts thereof involved in this prosecution, as the same have been amended by the act of Congress of March 3, 1891, and the other provisions of the license law involved in this prosecution, are valid and operative municipal regulations, providing revenue for municipal purposes, as derived from the constitutional power in Congress "to exercise exclusive legislation in all cases whatsoever over the District of Columbia." And in regard to this question there would seem to be no room for contention, since the decision in the case of *Stoutenburgh* v. *Hennick*, 129 U. S. 141.

In that case the act of the Legislative Assembly of the District of August 23, 1871, amended by the act of June 20, 1872, was brought under consideration of the Supreme Court of the United States, where the question was made as to the validity of a certain clause or provision of the act of the Legislative Assembly of the 23d of August, 1871. By the first section of the act just mentioned, it is provided, "That no person shall be engaged in any trade, business or profession, hereinafter mentioned until he shall have

obtained a license therefor as hereinafter provided." And
then follow twenty-three sections, of which the twenty-first
is subdivided into forty-eight clauses. Clause 3 in this
section 21 of the act of the Assembly, requiring commercial
agents to pay annually $200 for a license, was the particular
clause or provision that was assailed in that case; and the
court held, that Congress did not delegate to the Legislative
Assembly power to enact clause 3 of section 21 of the act.
That clause 3 of section 21 was not the exercise of mere
municipal power, but was an encroachment upon the power
of Congress to regulate commerce ; and was therefore void.
But it is clearly inferable, both from the reasoning and the
principle upon which the case was decided, that all such
other parts of the act of the Assembly of August 23, 1871,
not modified or repealed by subsequent acts of Congress,
were good and valid as a regulation of a purely municipal
character; and hence, the power to make such regulation
could be delegated by Congress. This is manifest from the
whole scope and tenor of the opinion of the court as deliv-
ered by the chief justice, as also from the dissenting opinion
of Mr. Justice Miller, who maintained that clause 3 of sec-
tion 21 was not subject to the objection taken to it by the
majority of the court.

In referring to clause 3 of section 21 of the act, the court
say: "This provision was manifestly regarded as a regula-
tion of a purely municipal character, as is perfectly obvious,
upon the principle of *noscitur a sociis,* if the clause be taken
as it should be, in connection with the other clauses and
parts of the act. But it is indistinguishable from that held
void in *Robbins* v. *Shelby County Taxing District,* 120 U. S.
489, and *Asher* v. *Texas,* 128 U. S. 129, as being a regulation
of interstate commerce, so far as applicable to persons solic-
iting, as Hennick was, the sale of goods on behalf of indi-
viduals or firms doing business outside the District." And
in the conclusion of the opinion the court say: "In our
judgment Congress, for the reasons given, could not have

delegated the power to enact the third clause of the twenty-first section of the act of Assembly, construed to include business agents such as Hennick, and there is nothing in this record to justify the assumption that it endeavored to do so, for the powers granted to the District were municipal merely, and although, by several acts, Congress repealed or modified parts of this particular by-law, these parts were separably operative, and such as were within the scope of municipal action, so that this congressional legislation can not be resorted to as ratifying the objectionable clause, irrespective of the inability to ratify that which could not originally have been authorized."

In view of this decision, we think there is no room for question or doubt, but that clause or paragraph 32 of section 21 of the act of the Legislative Assembly of this District, of August 23, 1871, as amended by Act of Congress of March 3, 1891, is entirely valid and operative as a municipal regulation. Nor do we think there is any ground for questioning the correctness of the construction of the clause of the act, contained in the charge of the judge, whereby the jury were instructed that to constitute the business of buying or selling second-hand personal property, or second-hand bicycles, it was not necessary that money should have been used as the only medium of exchange. Anything else of value that may have been taken or given in exchange for second-hand personal property would constitute buying or selling, equally as with money. And the fact that the plaintiff in error was conducting a principal business of buying and selling new bicycles, did not relieve him of the duty or obligation to obtain the license to buy and sell second-hand bicycles or other second-hand personal property. The license act, by its fifth section, is explicit in so requiring.

We perceive no error in the refusal by the court below to grant any of the rejected prayers offered by the plaintiff in error; nor do we perceive any error, of which the plaintiff

in error can complain, in the charge given to the jury upon the whole case.

There has been an objection taken to the information, that it had been made and filed by a *special* assistant attorney for the District, instead of the attorney of the District, or his *regular* assistant. But we think there is nothing in this objection that affects the legality of the proceeding. The special assistant is an assistant attorney authorized to be employed by law, and he acts under the same sanctions and obligations as the regular assistant. There is no reason for making a distinction, in a case such as the present, between a special and a general assistant attorney, both having authority to act for and in the place of the attorney of the District, as his assistant.

Finding no error, the judgment of the Police Court must be affirmed; *and it is so ordered.*

*Judgment affirmed and cause remanded.*