GALE MANUFACTURING COMPANY V. A. FINKELSTEIN & SON.

Decided December 14, 1899.

**Interstate Commerce—Foreign Corporation.**

In an action by a foreign corporation for the price of goods sold, the petition is not subject to demurrer for failure to show that plaintiff had obtained a permit to do business in this State, as required by the statute (Revised Statutes, articles 745, 756), where it shows on its face that the transaction was interstate commerce, consisting of a sale and shipment by such corporation in another State upon an order by mail from a Texas customer. Following Miller v. Goodman, 91 Texas, 41.

APPEAL from the County Court of Wharton. Tried below before Hon. G. S. GORDON.

*G. P. Dougherty,* for appellant.

*W. L. Hall,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by the Gale Manufacturing Company, appellant herein, to recover of the appellees the sum of $385 as purchase price of certain personal property sold by appellant to the appellees. The trial court sustained a general demurrer to plaintiff's original petition, and plaintiff declining to amend, the suit was dismissed. The case is before us on appeal from this judgment, the only question raised by the record being whether or not the trial court erred in sustaining the exception to the petition on the ground that the petition shows upon its face that plaintiff is a nonresident corporation incorporated under the laws of the State of Michigan, and in failing to allege that it has obtained a permit to do business in this State in accordance with articles 745 and 746 of the Revised Statutes of this State. Plaintiff's cause of action is thus set out in the petition: "That on the 8th day of July, 1898, defendants executed and delivered to plaintiff the following order or contract for goods, which said order or contract is in the following words and figures:

"'EL CAMPO, TEXAS, July 8, 1898.

"'Gale Mfg. Co., Albion, Mich.: Dear Sirs.—Please ship us from Albion, Mich., on or about Dec. 1, 1898, in car you have going to Wharton, Texas, the following goods [omitting description of property] for which we agree to pay you $385 on demand draft with bill of lading attached. You to guarantee shipment to check out O. K. We pay all freight from point of shipment, Albion, Mich., you to guarantee car rates of freight to Wharton, Texas.

(Signed)   "'A. FINKELSTEIN & SON.
"'By W. F. Finkelstein.'

"That plaintiff accepted said order, and on the 31st day of December, 1898, plaintiff shipped to defendant in a car going to Wharton, Texas, the goods described in and called for by said order at car rates according to the terms of the contract. That said plaintiff had said goods shipped from Wharton, Texas, to El Campo, Texas, where said property is now held as the property of defendants. That plaintiff in all things complied with the terms of the contract and drew a draft on defendants for the sum of $385 with bill of lading attached."

Our Supreme Court, in the case of Miller v. Goodman, 91 Texas, 41, in which the transaction constituting the cause of action was similar to that alleged in the petition in this case, say: "Do the facts alleged show a transaction of the character of interstate commerce? We think that they clearly do. It is a case of sale by a corporation, created by another State, of goods manufactured in that State and shipped into the State of Texas. It matters not whether the goods were sold before they were shipped or shipped to the State and then sold. It is equally interstate commerce."

There is no material difference in this case and the case of Robbins v. Shelby County Taxing District, 120 U. S., 498; Asher v. State of Texas, 128 U. S., 129; and Leisy v. Hardin, 135 U. S., 100, in which the Supreme Court held that the business transactions involved were interstate commerce and not subject to regulation by the State. As appellant was not required to comply with article 745, the prohibition against maintaining its suit contained in article 746 can not be invoked against it, and the court erred in sustaining the demurrer to the petition. The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*