### L. K. TURNER v. THE STATE.

#### No. 1941. Decided February 28, 1900.

#### Occupation Tax—Interstate Commerce—Traveling Salesman.

A nonresident traveling salesman working upon a salary and soliciting orders for a wholesale drug house of another State, and who had no further interest in the goods than to sell by sample and brand and deliver and collect for the same, is engaged in interstate commerce and can not be required to pay an occupation tax for pursuing such business. And in so far as our statute imposes such occupation tax it is in violation of the Federal Constitution with regard to interstate commerce.

APPEAL from the County Court of Wichita. Tried below before Hon. W. P. SKEEN, County Judge.

Appeal from a conviction for pursuing an occupation without first having paid the occupation tax and procured a license; penalty, a fine of $150.

The opinion states the case.

*Thompson & Kelly* and *F. P. McGhee*, for appellant, cited: Robbins v. Taxing Dist., 120 U. S., 489; Ex Parte Asher, 128 U. S., 132; Crutcher v. Kentucky, 141 U. S., 56; Miller v. Goodman, 40 S. W. Rep., 718; Brennan v. Titusville, 153 U. S., 289; Schollenberger v. Penn, 171 U. S., 1; In re. Spain, 48 Fed. Rep., 164; Leisey v. Hardin, 135 U. S., 100; Lancaster v. Purcell, 54 S. W. Rep., 425; Poteet v. State, 53 S. W. Rep., 869; Rainey v. State, 53 S. W. Rep., 882.

*J. P. Montgomery, Chas. C. Huff,* and *Rob't A. John,* Assistant Attorney-General, for the State.—The first reason why appellant's busi-

ness is not interstate commerce is that the goods were not delivered in the original packages. Original package within the meaning of the law of interstate commerce is the package delivered by the importer to the carrier at the initial point of shipment, in the exact condition in which it is shipped. In the cases of liquors or medicine in bottles, if the bottles are shipped singly, each is an original package, but if a number are fastened and marked or placed in a box, barrel, or crate, such bundle, box, barrel, or crate constitutes the original package. Guckenheimer v. Sellers, 81 Fed. Rep., 997, 82 Fed. Rep., 442. Turner solicited sales of the medicines, told the people that the goods would be here about a certain time, and the purchaser then went to the car and bought the goods. All medicine was consigned to P. B. Haight & Co. at Wichita Falls, the medicine was shipped in bulk packages, and the packages were then opened here and sold out in bottles. The goods when they reached Wichita Falls, Texas, and became a part of the mass of property in this State, were subject to taxation. In Robbins v. Taxing District, 120 United States, 497, the court says: "As soon as the goods are in the State and become a part of its general mass of property, they will become liable to be taxed in the same manner as other property of similar character, as was held by this court in the case of Brown v. Houston, 114 United States, 622." Machine Co. v. Gage, 100 U. S., 676. The orders were taken by the defendant in this county, the goods were shipped here to him and were by him delivered, his business was not interstate commerce for the reason that the goods shipped were subject to taxation as soon as they became a part of the mass of property in this State. Then the sale or occupation of selling same was taxable under our law.

Appellant's case fails to come within the doctrine laid down in Robbins v. Taxing District and Ex Parte Asher, for the reason that in those cases the defendant was convicted as a drummer, the orders were taken and sent into the house or company for whom the orders were solicited, and the goods were shipped direct to the purchaser. In the case at bar the medicine was brought into this State by appellant or his firm in carload lots, no goods were set aside to fill orders taken, but all goods were in bulk, and when a purchaser came to the car to whom appellant had sold a bottle of medicine, the bottle was taken from the box or barrel in which all the medicine was shipped and was handed out to the purchaser. In this case the goods were shipped in here and sold, but just exactly like our merchants conduct their business.

In the argument under the third assignment, appellant's counsel insist that appellant's business was interstate commerce, for the reason that "the goods were shipped by the sellers in one State to the purchaser in another and there paid for and delivered;" but the facts do not bear out the argument. The goods were shipped by P. B. Haight & Co. from Omaha, Neb., to P. B. Haight & Co. at Wichita

Falls, Texas, and were there sold, delivered, and paid for, and these facts present an entirely different question than the one insisted on by appellant. Appellant's defense is a subterfuge to evade the payment of the occupation tax.

BROOKS, Judge.—Appellant was charged, by information, with unlawfully engaging in and pursuing the occupation of a traveling person, engaged in selling patent and other medicines,—an occupation taxed by law,—without paying the occupation tax, was convicted, and his punishment assessed at a fine of $150. The evidence shows: That appellant was employed by P. B. Haight & Co., of Omaha, Neb., wholesale grocers and druggists, on a salary. That other parties were also employed by said firm on commission. That appellant was the head man, and the others worked under him. The employes received orders for goods, and forwarded them to the house, subject to its approval, to be filled. P. B. Haight & Co. shipped the goods packed in boxes, barrels, crates, etc., consigning the goods to themselves at Wichita Falls, and when the car arrived the boxes, etc., were opened, and the goods delivered direct from the car. The packages are not marked with the names of each purchaser, but each package is marked with the article and amount it contains. The company notifies each purchaser of the time and place to call for his goods. The medicines are put up in boxes and barrels, and all other goods are packed for protection in that way, and the orders are filled by taking the medicines, etc., ordered, from these large packages. If twenty persons order medicine, the first customer coming is served first, and so on, until each order is filled, regardless of whether the firm have enough goods in the car to supply all the orders at that time. One box or barrel might contain orders for a dozen people. In canvassing, samples are carried of some of the goods, and some are sold by the brands. Appellant canvassed Wichita County for groceries and medicines, and delivered all goods and collected for the same. In this particular business he, of course, had assistance. Appellant had no interest in the goods, but worked on a salary.

Appellant insists that the traffic engaged in was interstate commerce, and that the Federal Constitution inhibits any tax being imposed upon such traffic. It is not necessary to discuss this question, as our views on this character of legislation were expressed in the argument of the present presiding judge (who was then Assistant Attorney-General), as well as in the opinion of the court, in Ex Parte Asher, 23 Texas Criminal Appeals, 662. We see no reason for changing our views in the conclusion there reached. However, the Supreme Court of the United States, which court is supreme in these matters, has overruled the opinion expressed in Asher's case, supra; and it is no longer a mooted question as to whether or not the above state of facts constitutes interstate commerce, but the matter has been settled by the adjudications of the Supreme Court of the United

States, the Supreme Court of this State, and this court, in favor of the contention of appellant. In Miller v. Goodman (Texas Supreme), 40 Southwestern Reporter, 718, it was held that a corporation created by another State, selling goods manufactured in that State, and shipped into the State of Texas, is engaged in interstate commerce, whether the goods are sold before they are shipped, or shipped into the State of Texas and then sold; and therefore the corporation need not comply with the State laws requiring a foreign corporation, as a condition precedent to transacting or soliciting business in Texas, to file its articles of incorporation, and receive a permit from the Secretary of State. In Talbutt v. State, 39 Texas Criminal Reports, 64, we held an occupation tax upon the sale of lightning rods manufactured in another State, and sold upon orders taken by traveling salesmen in this State, is unconstitutional, as being a tax upon interstate commerce. The same proposition is announced in Ex Parte Holman, 36 Texas Criminal Reports, 255. See also Asher v. Texas, 128 U. S., 129, 9 Sup. Ct., 1, 32 L. Ed., 368; Leloup v. Mobile, 127 U. S., 640, 8 Sup. Ct., 1380, 32 L. Ed., 311. The statute under which appellant was prosecuted, in so far as the same imposes a tax upon interstate commerce, as indicated above, being violative of the Federal Constitution, as announced in the decisions above cited, the judgment in this case is accordingly reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*