## Ex parte HULL.

### (Circuit Court, E. D. Alabama, N. D. May 9, 1907.)

**1. COMMERCE—INTERSTATE COMMERCE—INVALID RESTRICTION—LICENSE.**

A state statute imposing a license on persons soliciting orders for pictures, picture frames, etc., who were not merchants or dealers having a permanent place of business within the state, etc., constituted an invalid restriction on interstate commerce in so far as it affected an agent of a foreign art company who delivered pictures, frames, etc., and collected the money due on orders previously taken by another agent of the corporation and sent to another state where the corporation resided to be filled.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Commerce, § 111. State laws interfering with interstate commerce, see note to 24 C. C. A. 21.]

**2. SAME—DISCRIMINATION.**

A state statute imposing a license tax on persons soliciting orders for the enlargement of photographs or for picture frames, etc., within the state, but declaring that the act shall not apply to merchants or dealers having a permanent place of business within the state, and who kept picture frames as a part of their stock in trade, was invalid as an unjust discrimination in restraint of interstate commerce in favor of merchants residing within the state and having a permanent place of business therein.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Commerce, § 111.]

Application for Writ of Habeas Corpus.

Knox, Acker & Merrill, for petitioner.
Borden Burr, for the state of Alabama.

HUNDLEY, District Judge. This is an application for writ of habeas corpus filed by J. D. Hull, seeking his discharge from a conviction before A. E. Carruth, county judge of the county of Cleburne, Ala., in which he was fined the sum of $75 for failure to take out license under a statute of the state of Alabama. The matter is submitted to the court upon an agreed state of facts, which are stated as follows:

"That the said J. D. Hull was arrested, tried, and convicted on the 8th day of May, 1907, for engaging in or carrying on the business of selling or disposing of pictures and picture frames without having taken out a license to engage in said business; copy of said affidavit, warrant of arrest, and judgment being hereto attached and made a part of this agreement. That the facts upon which the state relied for conviction before the said A. E. Carruth, county judge, are as follows: That the said J. D. Hull was employed by the Chicago Crayon Company, a foreign corporation, incorporated under the laws of Illinois, and as agent of said company he went to Heflin, in Cleburne county, Ala., for the purpose of delivering pictures and picture frames, for which contracts of sale had previously been made by other employés of the Chicago Crayon Company, who had preceded the said Hull in Cleburne county, Ala.; that while the said J. D. Hull was engaged in delivering pictures and picture frames, which had been shipped to Heflin, Ala., addressed to the Chicago Crayon Company, to the different purchasers in Cleburne county, Ala., he was arrested upon such charge. It is further agreed that the said Chicago Crayon Company has its offices, and only place of business, in Chicago, Ill., that all orders for portraits are taken, and are to be delivered, in accordance with its regular customer's contract."

This contract was set out in extenso in the agreed statement of facts, and in substance shows that the crayon pictures sold by the Chicago Crayon Company were to be delivered to the purchasers by an agent of

that company, designated as a "delivery man," who would collect the charges for same. It was further agreed in the statement of facts as follows:

"That all orders are taken, executed, shipped, and delivered in the name of the company, and remain the property of the company until delivered and collected for. It is also agreed that petitioner had not taken out a license to dispose of or sell pictures and picture frames."

The statutes under which this defendant was tried and convicted are as follows:

"That each person, firm or corporation, either in person or through agents, who solicits orders for the enlargement of photographs of any character or for picture frames, whether they made charge for such frames or not, or any person, firm or corporation, either in person or through agents, who sells or disposes of picture frames, shall pay a license tax of $25.00 in each county in which they may do business; but this act shall not apply to merchants or dealers having a permanent place of business in this state, and keeping picture frames as a part or all of their stock in trade."

"Any person who after the 15th day of January in any year engages in or carries on any business for which a license is required, without having taken out such license, must, on conviction, be fined three times the amount of the state license."

The question as to whether the defendant was guilty of the charge of soliciting orders for the enlargement of photographs or picture frames or disposing of picture frames is not a matter of which this court has jurisdiction, since the state court has determined that question, and I accept the conclusion of that court upon this matter as a question of construction belonging entirely within its exclusive jurisdiction. The sole question which is presented to me for determination is whether the statute as construed by the county judge of Cleburne county and applied to the case at issue is invalid as an attempt to interfere with and regulate commerce. The decisions of the Supreme Court of the United States upon this question are numerous, and I shall not attempt to enumerate them here. That a state has no right to levy a tax on interstate commerce in any form has been most positively decided (Lyng v. Michigan, 135 U. S. 165, 10 Sup. Ct. 725, 34 L. Ed. 150; Leloup v. Port of Mobile, 127 U. S. 640, 8 Sup. Ct. 1380, 32 L. Ed. 311; Robbins v. Shelby County Taxing District, 120 U. S. 490, 7 Sup. Ct. 592, 30 L. Ed. 694), and many decisions referred to in those cases. In addition to these cases and many others of like import, the Supreme Court of the United States has in a very recent case decided in favor of the petitioner's contention upon the construction of an ordinance of the city of Greensboro, N. C., in almost the identical terms brought in question here. In that case (E. M. Caldwell v. State of North Carolina and City of Greensboro, 187 U. S. 622–633, 23 Sup. Ct. 229, 47 L. Ed. 336), the plaintiff in error was convicted of a violation of a city ordinance requiring persons engaged in selling or delivering picture frames, pictures, photographs, etc., to pay a license tax to the city of Greensboro. The Supreme Court of the United States in that well-considered opinion, Mr. Justice Shiras delivering the opinion of the court, says:

"Nor does the fact that these articles were not shipped separately and directly to each individual purchaser, but were sent to an agent of the vendor at

Greensboro, who delivered them to the purchasers, deprive the transaction of its character as interstate commerce. It was only that the vendor used two instead of one agency in the delivery. It would seem evident that if the vendor had sent the articles by an express company, which should collect on delivery, such a mode of delivery would not have subjected the transaction to state taxation. The same could be said if the vendor himself, or by a personal agent, had carried and delivered the goods to the purchaser. That the articles were sent as freight by rail, and were received at the railroad station by an agent who delivered them to the respective purchasers, in no wise changes the character of the commerce as interstate. Transactions between manufacturing companies in one state, through agents, with citizens of another, constitute a large part of interstate commerce; and for us to hold, with the court below, that the same articles, if sent by rail directly to the purchaser, are free from state taxation, but, if sent to an agent to deliver, are taxable through a license tax upon the agent, would evidently take a considerable portion of such traffic out of the salutary protection of the interstate commerce clause of the Constitution."

It will be noted by reference to the Alabama statute, which is under consideration here, that, in addition to requiring a license tax from persons or corporations engaged in business therein designated, there is also this provision:

"But this act shall not apply to merchants or dealers having a permanent place of business in this State, and keep picture frames as a part or all of their stock in trade."

It will be noted here that there is a direct discrimination in favor of merchants residing within the state and having a permanent place of business as against merchants residing without the state. The question as to whether such legislation could be enforced by states against the citizens of other states was exhaustively treated in the case of Robbins v. Shelby County Taxing District, 120 U. S. 489, 7 Sup. Ct. 592, 30 L. Ed. 694. In that case Mr. Justice Bradley stated the following principles as already established by the Supreme Court of the United States:

"The Constitution of the United States having given to Congress the power to regulate commerce, not only with foreign nations, but among the several states, that power is necessarily exclusive whenever the subjects of it are national in their character, or admit only of one uniform system or plan of regulation; that, where the power of Congress to regulate is exclusive, the failure of Congress to make express regulations indicates its will that the subject shall be left free from any restrictions or impositions, and any regulation of the subject by states, except in matters of local concern only, is repugnant to such freedom; that the only way in which commerce between the states can be legitimately affected by state laws is when, by virtue of its police power, and its jurisdiction over persons and property within its limits, a state provides for the security of the lives, health and comfort of persons and the protection of property, and imposes taxes upon persons residing within the state or belonging to its population, and upon vocations and employments pursued therein, not directly connected with foreign or interstate commerce, or with some other employment or business exercised under authority of the Constitution and laws of the United States, and imposes taxes upon all property within the state, mingled with and forming part of the great mass of property therein, but that, in making such internal regulations, a state cannot impose taxes upon persons passing through the state, or coming into it merely for a temporary purpose, especially if connected with interstate or foreign commerce, nor can it impose such taxes upon property imported into the state from abroad, or from another state, and not become part of the common mass of property therein, and no discrimination can be made, by such regulations, adversely to the persons or property of other states, and no regulations can be made directly affecting interstate commerce."

That case too involved the construction of a statute almost identical with that portion of the statute here at issue in relation to exempting merchants or dealers having permanent places of business in this state. Upon these established principles as laid down by the Supreme Court of the United States, I am compelled to hold that said statute as construed by the county judge of Cleburne county, Alabama, and applied to this petitioner, is invalid. The case of Asher v. Texas, 9 Sup. Ct. 1, 128 U. S. 129, 32 L. Ed. 368, was a case where the state statute required from "every commercial traveller, drummer, salesman or solicitor of trade by sample or otherwise an annual occupation tax"; and such legislation was declared inoperative so far as it affected one soliciting orders for business in any other state. To the same effect, also, is the decision in the case of Stoutenburg v. Hennick, 129 U. S. 141, 9 Sup. Ct. 256, 32 L. Ed. 637.

It cannot be seriously doubted, in view of the numerous decisions of the Supreme Court of the United States upon the question, that efforts to control commerce of this kind in the interest of any states where purchasers reside have been frequently made in the form of statutes and city ordinances, but that such efforts have heretofore been rendered fruitless by the supervising action of the federal courts.

Upon principle and authority, therefore, I am of the opinion that upon the agreed statement of facts in this cause that the judgment of conviction of the county judge of Cleburne county on the 8th day of May, 1907, as applied to this petitioner, was void, and the prayer of the petitioner is granted, and he is discharged from custody. So ordered.