J. L. HILL, ADMINISTRATOR OF R. B. HILL, DECEASED, v. SEABOARD AIR LINE RAILWAY COMPANY AND WALKER D. HINES, DIRECTOR GENERAL OF RAILROADS.

(Filed 24 November, 1920.)

**1. War—Railroads—Powers—State Government—National Government.**

The authority, where war exists, to exercise all those extreme sovereign powers under the rule of war, recognized by the civilized world, is vested in Congress by the Constitution of the United States, with all means, not prohibited, that are appropriate to that end; and where it, legally exercised, comes in conflict with a State regulation, the power of the National Government is paramount.

**2. Same—Courts—Conflict of Powers.**

It is within the peculiar province of the courts to see that the Federal and State Governments, in their original dual form, each exercise the

powers and duties solely apportioned to it, so that the one will not inter-
fere with the other where it is supreme, and the courts, wherever possible,
will adopt a rule of construction which will prevent conflict between
National and State authority.

3. **War—Railroads—Powers—Federal Government—State Government—
Statutes—Venue—Orders of Director General.**

The act of Congress placing common carriers under the control of the
United States Government as a war measure, by providing that "actions
at law or suits in equity may be brought by and against such carrier and
judgments rendered as now provided by law; and in any action at law or
suit in equity against the carrier no defense be made thereto upon the
ground that the carrier is an instrumentality or agency of the Federal
Government," does not conflict with our State statute as to venue in a
civil action against the carrier, Rev., 424; and if the orders of the Director
General, Nos. 18 and 18a, requiring all suits or actions against carriers
to be brought in the county or district of the plaintiff's residence are not
authorized by the act of Congress, they are void as in contravention of
the State law.

APPEAL by defendants from *Finley, J.,* at January, 1920, Criminal
Term, of UNION, by consent.

This is an action to recover damages for wrongful death caused, as
alleged, by the negligence of the defendants, the Seaboard Air Line Rail-
way Company, and Hines, Director General.

The plaintiff was appointed administrator in Richmond County,
where the intestate lived; the death occurred in Anson County, and this
action was instituted in Union County.

The defendants moved that the action be removed to Richmond or
Anson for trial, relying principally on the following order of the
Director General, known as Order 18, as amended by Order 18-a:

"It is, therefore, ordered that all suits against carriers while under
Federal control must be brought in the county or district where the
plaintiff resides, at the time of the accrual of the cause of action, or in
the county or district wherein the cause of action arose."

The motion was denied, and the defendants excepted and appealed.

*Stack, Parker & Craig for plaintiff.*
*Cansler & Cansler and Armfield & Vann for defendant.*

ALLEN, J. It is conceded that this action is properly instituted in
the county of Union under section 424 of the Revisal, which permits
actions against railroads to be brought in "some county adjoining the
county in which the cause of action arose," a statute enacted at the
instance of the railroads and for their convenience, unless the statute is
superseded by Order 18, as amended by Order 18-a of the Director
General, above set out.

As said in *North Pac. Ry. Co. v. North Dakota,* 250 U. S., 135 : "The complete and undivided character of the war power of the United States is not disputable," and "When war exists the Government possesses and may exercise all those extreme powers which any sovereignty can wield under the rules of war recognized by the civilized world." Cooley Constitutional Law, 89.

The power is, however, vested in Congress by the Constitution, which alone has power to declare war and to provide for its prosecution; all agencies act under its authority, and if there is a conflict between a State regulation and congressional authority, legally exercised, the power of the National Government is paramount. *North Pac. Ry. Co. v. North Dakota, supra.*

It is also true that what was said by *Chief Justice Marshall,* in *McCullough v. Maryland,* 4 Wheat., 316, is applicable to the different powers of government.

"Let the end be legitimate. Let it be within the scope of the Constitution, and all means which are appropriate which are adapted to that end, which are not prohibited, but consist with the letter and spirit of the Constitution, are constitutional."

These principles must, however, be considered in connection with our form of government.

"We have in this republic a dual system of government—National and State—each operating within the same territory and upon the same persons, and yet working without collision, because their functions are different. There are certain matters over which the National Government has absolute control, and no action of the State can interfere therewith, and there are others in which the State is supreme, and in respect to them the National Government is powerless. To preserve the even balance between these two governments, and hold each in its separate sphere, is the peculiar duty of all courts. . . . In other words, the two governments—National and State—are each to exercise their powers so as not to interfere with the free and full exercise by the other of its powers." *South Carolina v. U. S.,* 199 U. S., 110.

Let us then consider the order of the Director General, remembering that it is the duty of the courts to adopt a rule of construction which will prevent conflict between National and State authority, if possible, and that the Director General derives his power from the acts of Congress.

The order requires actions to be brought "in the county or district where the plaintiff resides at the time of the accrual of the action, or in the county or district where the cause of action arose," and while the Director General probably had in mind Federal Districts, it does no violence to the spirit and purpose of the order, which was to avoid

expense and the annoyance and inconvenience of having witnesses and parties carried to distant places, to hold that judicial districts are included, and if so, the counties of Richmond, Anson, and Union, being in the same judicial district, the action has been brought in the "district where the plaintiff resides," and in the "district wherein the cause of action arose." .

But, however this may be, the act of Congress, after placing carriers under Federal Control, expressly provides that "Actions at law on suits in equity may be brought by and against such carriers, and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense be made thereto upon the ground that the carrier is an instrumentality or agency of the Federal Government," and the action has been brought as was provided by law when the act of Congress was adopted, and the statute of the State cannot be set aside by the order of the Director General not in accord with congressional action.

There are very few authorities dealing with the question, but two of those relied on by the plaintiff are directly in point, *Friesen v. R. R.*, 254 F., 875; *R. R. v. Lovick*, 210 (Tex.) S. W., 283.

In the first it was held that "Under act of 21 March, 1918, paragraphs 8, 10, and despite section 9, held that orders of the Director General of Railroads, through whom the President assumed control of the railroads pursuant to act 29 August, 1916 (Comp. St., 1916, paragraph 197-a), that suits against carriers while under Federal control should be brought in the county or district where the plaintiff resided at the time of the accrual of the action, were not effective to so limit that right, and where authorized by State law, a plaintiff might sue in a district other than that in which he resided at the time of accrual of the action, upon a . cause of action not arising out of the railway company's duties as a common carrier," and in the other: "Orders No. 18 and 18-a of the Director General of Railroads, dated 9 and 18 April, 1918, in so far as they require all suits against carriers under Federal control to be brought in county or district where plaintiff resides or resided at the time of the accrual of the cause or in the county or district where the cause arose, is inconsistent with and contrary to this section, providing 'actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law.' "

In *Wainright v. R. R.*, 153 F., 461, on which the defendant relies, the Court declines to pass on the power to regulate actions in the State courts, which is the question before us.

In our opinion there is no error.

Affirmed.