

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4263
Re: Liability of a corporation organ-
ized and existing under the laws
of another state, and transacting
business as outlined, for the
luxury excise tax levied by Article
7047-1, Vernon's Texas Civil
Statutes, upon the sale, at retail,
of new radios.

Your letter of December 9, 1941, submits for our
opinion the following question and supporting factual situation,
which we quote therefrom:

"A corporation located in Kansas City, Missouri,
and operating under the laws of Kansas sells new
radios in Texas on the following plan; Its salesmen
in Texas take orders in Texas from individuals in
Texas. At the time the salesman takes the order the
purchaser deposits with the salesman a small payment
which the salesman keeps as his commission. The
salesman then forwards the order to the company in
Kansas City, where the company either accepts or re-
jects the same. If accepted the radio is sent direct
to the purchaser c.o.d. for the balance due. No de-
liveries are ever made by the salesmen, and none of
the merchandise is stocked or warehoused in Texas.

"Is the corporation due the tax required by
Article X of H.B. 8, Regular Session of the Forty-
seventh Legislature?"

A plan or system of business operation, identical to
the above, has been heretofore submitted to state and federal
courts of last resort to determine if various state sales, pri-
vileges, license or excise taxes, generally, would constitute an
unconstitutional burden upon interstate commerce under the so-
called "commerce clause" of the Federal Constitution. These
decisions have so uniformly held the method of doing business
described above, to constitute interstate commerce, within the

meaning and protection of the Federal Constitution, that we deem it unnecessary to unduly lengthen this opinion by a full discussion of the individual cases. We think it suffices to state the general unquestioned rule of law governing the instant situation:

> "The negotiation of sales of goods which are in other states, for the purpose of introducing them into the state in which the negotiation is made, is interstate commerce, and cannot be interfered with, regulated, or taxed by the state in which the negotiation was made, though there be no discrimination between such business and domestic commerce, and this rule applies to persons who engage in the business of soliciting orders by sample or otherwise for goods to be shipped from another state, such as agents of non-resident manufacturers or dealers, drummers, or canvassers, whether the orders are taken by residents or non-residents, and whether the orders are taken from individuals or from manufacturers or licensed merchants or dealers. * * * "    (5 R.C.L., p. 768)

Again at 26 R.C.L., p. 122, we find the following pertinent statement:

> "A manufacturer located in one state cannot be required to pay a license tax for the privilege of placing his goods in the hands of retail dealers in another state, and a manufacturer located in one state cannot be subjected to a license tax for engaging in the business of selling goods in another, merely because he sends goods under a C.O.D. consignment on the written order of a purchaser in such state, although property in the thing sold does not pass until delivery. So also a foreign corporation which manufacturers and ships goods into a state is not liable to an excise for the privilege of carrying on business therein merely because it maintains a local office as a headquarters for its salesmen, but if it maintains an office for the general use of its employees, agents and customers, and for the storage and display of samples of its products, it is enjoying a privilege dependent upon the will of the state for the exercise of which it may be taxed. * * *"

The text is supported by numerous decisions of the Supreme Court of the United States, among which we cite the cases of Crenshaw vs. Arkansas, 227 U.S. 389, 33 S. Ct. 294, 57 L. Ed. 565; Robbins vs. Taxing Dist. 120 U.S. 489, 30 L. Ed. 694; Brennan vs. Titusville, 153 U.S. 289, 38 L. Ed. 719; Caldwell vs. North Carolina, 187 U.S. 622, 47 L. Ed. 336; Asher vs. Texas, 128 U.S. 129, 9 S. Ct. 1, 32 L. Ed. 368.

The statute before us stems from the general tax powers residing in the state and is not predicated upon the police powers of the state, as being in furtherance of the health, safety, morals and general welfare of the people. The authorities often uphold a reasonable regulation under the reserved police power of the state, although it be a burden on interstate commerce, but unite, as exemplified by the cases cited, supra, in condemning a state tax which burdens or impedes interstate commerce.

Moreover, the incidence of this tax falls squarely, under Section 1 thereof, upon "each person, partnership, association or corporation selling, at retail, new radios," etc., on the basis of two per cent of the gross receipts shown by a required quarterly report. Such tax is not a "use" tax or any other type of tax levied directly upon and against the purchaser, so as to allow its collection, under constitutional principles, after interstate commerce has terminated, within the rule announced in Ex parte Kimberlin, 86 S.W. (2d) 717, and Sheppard vs. Musser, 92 S.W. (2d) 219.

We accordingly answer your inquiry in the negative.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Pat M. Neff, Jr.
    Pat M. Neff, Jr.
    Assistant

PMN:ej:wc


APPROVED FEB 18, 1942
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman